**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

KEONDO TAYLOR,

       Petitioner,

v.                                       Case No. 13-12102

CINDY CURTIN,

       Respondent.

_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**
**AND DENYING A CERTIFICATE OF APPEALABILITY**

Petitioner Keondo Taylor, confined at the Gus Harrison Correctional Facility in

Adrian, Michigan, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In his

*pro se* application, Petitioner challenges his convictions for third-degree criminal sexual

conduct, Mich. Comp. Laws § 750.520d(1)(a); Mich. Stat. Ann. 28.788(4)(a), failure to

register as a sex offender, Mich. Comp. Laws § 28.723; Mich. Stat. Ann. 4.475(3), and

being a second felony habitual offender, Mich. Comp. Laws § 769.10; Mich. Stat. Ann.

28.1082.  For the reasons that follow, the court will deny the petition for writ of habeas

corpus and deny a certificate of appealability.

**I.  BACKGROUND**

On November 23, 2009, Petitioner pleaded guilty for failure to register as a sex

offender.  Two days later, a jury convicted him of third-degree criminal sexual conduct.

The Jackson County Circuit Court sentenced Petitioner, as a second felony habitual

offender, to 3 to 6 years for failure to register as a sex offender and 15 to 22 ½ years for criminal sexual conduct to run concurrently.

The Michigan Court of Appeals affirmed Petitioner's conviction but remanded for re-sentencing. *People v. Taylor,* No. 296915 (Mich. Ct. App. June 28, 2011); *leave to appeal denied at* 820 N.W.2d 788 (Mich. 2012). Petitioner was subsequently re-sentenced, as a second felony habitual offender, to 3 to 6 years for failure to register as a sex offender and 14 years, 7 months to 22 ½ years for criminal sexual conduct to run concurrently.

Petitioner now seeks a writ of habeas corpus. The petition alleges: "Mr. Taylor is entitled to a new trial where the trial court erred in closing the courtroom during the complainant's testimony in violation of petitioner's constitutional right to a public trial." Respondent filed an answer in opposition to the habeas petition. Respondent's answer will be construed as a motion to dismiss on the basis that Petitioner's claim is barred by procedural default. *See Alvarez v. Straub*, 64 F. Supp. 2d 686, 689 (E.D. Mich. 1999).

## II. DISCUSSION

### A. Procedural Default

Petitioner contends that he is entitled to a new trial beacuse the trial court closed the courtroom to all unnecessary persons during a portion of the victim's testimony, in violation of his constitutional right to a public trial.

Respondent contends that Petitioner's claim is defaulted because although petitioner's defense counsel initially objected to the prosecutor's request to close the

courtroom for the remainder of the victim's testimony, defense counsel subsequently stated that he would "leave this in the discretion of the court."  (Tr. I, p. 149).

When the state courts clearly and expressly rely on a valid state procedural bar, federal habeas review is also barred unless petitioner can demonstrate "cause" for the default and actual prejudice as a result of the alleged constitutional violation, or can demonstrate that failure to consider the claim will result in a "fundamental miscarriage of justice."  *Coleman v. Thompson*, 501 U.S. 722, 750–51 (1991).  If petitioner fails to show cause for his procedural default, it is unnecessary for the court to reach the prejudice issue.  *Smith v. Murray*, 477 U.S. 527, 533 (1986).  However, in an extraordinary case, where a constitutional error has probably resulted in the conviction of one who is actually innocent, a federal court may consider the constitutional claims presented even in the absence of a showing of cause for procedural default.  *Murray v. Carrier*, 477 U.S. 478, 479–80 (1986).  To be credible, such a claim of innocence requires a petitioner to support the allegations of constitutional error with new reliable evidence that was not presented at trial.  *Schlup v. Delo*, 513 U.S. 298, 324 (1995). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency."  *Bousley v. United States*, 523 U.S. 614, 624 (1998).

The Michigan Court of Appeals squarely rejected Petitioner's habeas claim when he brought the identical claim on direct appeal:

> In this case, defense counsel initially objected to the prosecutor's request that the courtroom be closed for the remainder of the victim's testimony.  But he ultimately left the matter up to the court's discretion, stating that he would "leave this in the discretion of the court."  A defendant may not acquiesce in a ruling by the trial court and then raise the ruling as an issue on appeal.

3

Accordingly, defendant waived any issue regarding the trial court's decision
to close the courtroom for a portion of the victim's testimony.

*Taylor,* Slip. Op. at * 1–2 (internal citation omitted).

Although the right to a public trial is a fundamental right, it can also be waived if a habeas petitioner either acquiesces to the closure of the courtroom or fails to object. *See Johnson v. Sherry*, 586 F.3d 439, 444 (6th Cir. 2009) (citing *Freytag v. Commissioner*, 501 U.S. 868, 896 (1991) ("[T]he Sixth Amendment right to a trial that is 'public,' provide[s] benefits to the entire society more important than many structural guarantees; but if the litigant does not assert [it] in a timely fashion, he is foreclosed.") (collecting cases); *Peretz v. United States*, 501 U.S. 923, 936–37 (1991) (citing *Levine v. United States*, 362 U.S. 610, 619 (1960)).  In the present case, Petitioner acquiesced to the closure of the courtroom and the Michigan Court of Appeals relied on this acquiesence to reject his claim.  As such, Petitioner's public trial claim is procedurally defaulted.  *Johnson,* 586 F. 3d at 444–45.

Petitioner has also failed to show cause to excuse his default.  Because Petitioner has not demonstrated any cause for his procedural default, it is unnecessary for the court to reach the prejudice issue regarding Petitioner's claim.  *Smith v. Murray*, 477 U.S. at 533.

Additionally, Petitioner has not presented any new reliable evidence to support an assertion of innocence which would allow this court to consider his procedurally defaulted claim as a ground for a writ of habeas corpus in spite of the procedural default.  Because Petitioner has not presented any new reliable evidence that he is innocent, a miscarriage of justice will not occur if the court declines to review the

4

procedurally defaulted claim on the merits. *See Welch v. Burke*, 49 F. Supp. 2d 992, 1007 (E.D. Mich. 1999).

Accordingly, the court will deny Petitioner's habeas petition.

## B. Certificate of Appealability

Before Petitioner may appeal this decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.*

The court will deny a certificate of appealability, because reasonable jurists would not find it debatable whether this court was correct in determining that petitioner's claim is procedurally defaulted. *See Harris v. Stegall,* 157 F. Supp. 2d 743, 751 (E.D. Mich. 2001).

5

### III. CONCLUSION

IT IS ORDERED that the petition for writ of habeas corpus, [Dkt. # 1], is

DENIED.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.


<u>s/Robert H. Cleland</u>
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  January 27, 2014


I hereby certify that a copy of the foregoing document was mailed to counsel of record
on this date, January 27, 2014, by electronic and/or ordinary mail.

<u>s/Lisa Wagner</u>
Case Manager and Deputy Clerk
(313) 234-5522

Q:\Cleland\JUDGE'S DESK\C1 ORDERS\13-12102.TAYLOR.DenyHabeas.rljr.wpd